# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN MCCAUSLAND, PhD** : <br> 25 Maple Avenue, Apt. 619 : <br> New Rochelle, NY, 10801 : <br> : <br> Plaintiff, :    No. _____ <br> : <br> v. : <br> : <br> **THE PENNSYLVANIA STATE** : <br> **UNIVERSITY** : <br> Office of the General Counsel : <br> 227 West Beaver Avenue, Suite 507 : <br> State College, PA, 16801 : <br> : <br> AND : <br> : <br> **JEANINE STAPLES-DIXON, PhD** : <br> 428 Allen Road : <br> 172 Chambers Building : <br> State College, PA, 16801 : <br> : <br> : <br> Defendants. : <br> : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Pennsylvania State University by and through its undersigned counsel, hereby remove the above captioned action from the Court of Common Pleas of Philadelphia County in which it is now pending to the United States District Court for the Eastern District of Pennsylvania. In support of this removal, Defendant states as follows:

## BACKGROUND

1. On December 15, 2025, Plaintiff Jonathan McCausland, PhD commenced this action against Defendants by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County, docketed as No. 25-1201865.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Writ of Summons is attached hereto as **Exhibit A**.

3. As of the date of this filing, the Writ of Summons, the Civil Cover Sheet, and the Praecipe to Issue Writ of Summons are the only filings on the Philadelphia County docket. A true and correct copy of the Philadelphia Court of Common Pleas docket is attached hereto as **Exhibit B**.

4. The Writ of Summons is the first filing in this action. *See* Ex. B.

5. Defendants have not responded to the Writ and there have been no further pleadings in this matter. *See* Ex. B.

6. Upon information and belief, Plaintiff has not yet served co-Defendant Jeanine Staples-Dixon, PhD. Accordingly, this Notice of Removal is being filed timely by Defendant with the United States District Court for the Eastern District of Pennsylvania and each Defendant that has been served consents to removal.

## REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332, 1441 and 1446

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Upon information and belief, and according to his own filing, Plaintiff resides at 25 Maple Avenue Apt. 619, New Rochelle, NY 10801. Therefore, Plaintiff is a citizen of the State of New York for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

9. Defendant, The Pennsylvania State University, is a not-for-profit, State-related institution of higher education, organized and existing under the laws of Commonwealth of Pennsylvania and maintains its place of business at 208 Old Main, University Park, Centre County, Pennsylvania, 16802. Therefore, Defendant The Pennsylvania State University is a citizen of Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1332.

10. To date, Plaintiff has not served Defendant The Pennsylvania State University with the Writ of Summons.

11. Co-Defendant Jeanine Staples-Dixon, PhD resides at 715 Oakwood Avenue State College, PA 16803. Therefore, Co-Defendant Jeanine Staples-Dixon is a citizen of Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1332.

12. To date, Plaintiff has not served Co-Defendant Jeanine Staples-Dixon, PhD with the Writ of Summons.

13. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Upon information and belief, Dr. McCausland has alleged harm in excess of $75,000 in communications with The Pennsylvania State University.

## **PROCEDURAL REQUIREMENTS**

14. In accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, the Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending.

15. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

17. Because Plaintiff has never served The Pennsylvania State University with the Complaint, this removal is timely pursuant to 28 U.S.C. § 1446(b).

18. In cases involving multiple defendants, "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

19. Plaintiff has not yet served any of the named Defendants in this matter; therefore, the consent of the Co-Defendant is not required to remove. *See* Ex. B.

20. In addition, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

21. None of the forum Defendants have been properly served. *See* Ex. B. Accordingly, their citizenship is not a bar to removal. *See Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3rd Cir. 2018) (the "plain meaning [of the forum defendant rule] precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served") (emphasis added); *McLaughlin v. Bayer Essure, Inc.*, 2019 U.S. Dist. LEXIS 88213, at *9 (E.D. Pa. May 24, 2019) ("in a situation in which a plaintiff has not properly served the forum defendant(s), a defendant may remove the case to federal court without violating the Forum Defendant Rule").

22. Because there is complete diversity of citizenship and the amount-in-controversy requirement is satisfied, this Court has Jurisdiction.

23. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Removal on Plaintiff's counsel and file a copy with the Clerk of the court for the state court.

24. By removing this action, Defendant does not admit any of the allegations in the Writ of Summons, or which may be asserted in Plaintiff's Complaint. Indeed, Defendant expressly denies all claims, liability, and damages asserted in the Writ, or which may be asserted in Plaintiff's Complaint.

25. This removal is made without waiver of any defenses or affirmative defenses, including those provided under Federal Rule of Civil Procedure 12, or Defendants' right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted by Plaintiff.

**WHEREFORE**, Defendant The Pennsylvania State University hereby removes this civil action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. No further proceeding shall take place in the State Court.

Respectfully submitted,

 /s/ *Christopher D. Molony*
Christopher D. Molony (Pa. I.D. No. 329084)
Jeffrey M. Weimer (Pa. I.D. No. 208409))

**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA  15222
(412) 288-3131
cmolony@reedsmith.com

*Counsel for Defendant The Pennsylvania State University.*

DATED:  December 17, 2025

## CERTIFICATE OF SERVICE

I, Christopher D. Molony, certify that the foregoing Praecipe to File Notice of Removal was filed electronically on December 17, 2025 and is available for viewing and downloading from the Court's electronic filing system. A copy of the foregoing is also being served today upon the following counsel by email upon:

>Lane R. Jubb, Jr., Esquire
>Andrew M. Warshawer, Esquire
>The Beasley Firm, LLC
>1125 Walnut Street
>Philadelphia, PA 19107
>(215) 592-1000
>
>*Attorneys for Plaintiffs*

Dated: December 17, 2025

*/s/Christopher D. Molony*
Christopher D. Molony